IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAYLE WAYNE JONES,

    Petitioner,                   No. CIV S-09-2169 JAM GGH P

    vs.

MATTHEW CATE,

    Respondent.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On October 13, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

        Petitioner has added new information in his objections that were not in the petition, concerning his claim that counsel was ineffective for failing to move for a change of venue due to pretrial publicity. Apparently, petitioner appeared on the Oprah Winfrey Show concerning a prior crime that he committed and according to petitioner, the show aired the day

1

before his preliminary hearing. Petitioner has still failed to show how counsel was ineffective as the Oprah Winfrey Show is televised nationally and even internationally, so it is unclear what would constitute an appropriate venue, notwithstanding that petitioner voluntarily chose to appear on the show. Moreover, the preliminary hearing would be presided over by a judge, not a jury; petitioner ultimately pled guilty. The claim remains meritless.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has not made a substantial showing of the denial of a constitutional right for any of the issues presented in the instant petition.

\\\\\
\\\\\
\\\\\
\\\\\

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 13, 2010, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is denied;

3. A certificate of appealability is denied.

DATED: January 14, 2011

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE